IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **RANDY TOLLE,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION** |
| v. ) | |
| ) | **No. 05-2191-KHV** |
| **AMERICAN DRUG STORES, INC.** ) | |
| **f/k/a OSCO DRUG, INC., and** ) | |
| **ALBERTSON'S, INC.,** ) | |
| ) | |
| **Defendants.** ) | |
| _____) | |

## **ORDER**

This matter is before the Court on <u>Plaintiff's Response To Summary Judgment</u> (Doc. #73) filed May 18, 2006. Defendants' initial brief is 31 pages with 16 pages of facts. Plaintiff's response brief, however, is 143 pages with some 124 pages dedicated to factual assertions. Plaintiff's brief is a flagrant violation of D. Kan. Rule 56.1(b) which provides as follows:

(b) Opposing Memorandum.

(1) A memorandum in opposition to a motion for summary judgment shall begin with a section that contains a concise statement of material facts as to which the party contends a genuine issue exists. Each fact in dispute shall be numbered by paragraph, shall refer with particularity to those portions of the record upon which the opposing party relies, and, if applicable, shall state the number of movant's fact that is disputed.

(2) If the party opposing summary judgment relies on any facts not contained in movant's memorandum, that party shall set forth each additional fact in a separately numbered paragraph, supported by references to the record, in the manner required by subsection (a), above. All material facts set forth in this statement of the non-moving party shall be deemed admitted for the purpose of summary judgment unless specifically controverted by the reply of the moving party.

For example, paragraph 24 of defendants' statement of facts states as follows:

> In November 2003, Osco learned of dissatisfaction regarding the manner in which Plaintiff was treating his subordinates through reports of a union grievance, an employee complaint, and concerns expressed by Warren Koch, a General Manager who reported to Plaintiff. (Ex. F, Bauer Aff. ¶¶ 1, 2, 3).

Plaintiff response to this fact is some 20 pages. Paragraph 42 of defendants' statement of facts states as follows:

> On September 29, 2004, Osco held an Assistant Managers' meeting at which Joyce Barker approached Deone Petersen and expressed concerns that she had about Plaintiff. (Ex. G, Barker Depo 23:25-25:1, 27:22-29:22; Ex. J, Petersen Draft Depo. 26:9-15, 202:17-205:25, 207:12-18; Ex. B, Petersen Aff. ¶¶ 1, 8).

Plaintiff's response to this fact is some 50 pages.

Reluctantly, for failure to comply with D. Kan. Rule 56.1, the Court strikes the entire factual statement of Plaintiff's Response To Summary Judgment (Doc. #73) filed May 18, 2006. The Court recognizes that plaintiff's counsel expended significant effort and expense in preparing the response and that many of the factual assertions may be relevant to his claims, but the Court cannot envision how defense counsel can prepare a meaningful reply to plaintiff's factual assertions in their present format. In addition, given that plaintiff's contentions in the pretrial order are limited to two pages and defendants' contentions are limited to one page, see Pretrial Order (Doc. #66) filed April 27, 2006 at 3-6, it is obvious that the assertions in plaintiff's summary judgment response could be significantly condensed. On or before **June 16, 2006**, plaintiff shall file an amended response to defendants' motion for summary judgment. Unless plaintiff seeks and obtains leave of court **before June 16, 2006**, plaintiff shall limit his response including facts to **no more than 40 pages**. Plaintiff should also note that under D. Kan. Rule 56.1(b), he must provide a "concise" statement of facts and that he must set forth additional facts in separately numbered paragraphs. On or before **July 7, 2006**, defendants may file a reply brief.

Dated this 1st day of June, 2006, at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge
